■ JUDITH A. NIRENBERG, Appellant, v HOWARD A. NIRENBERG, Respondent. (Appeal No. 1.) [612 NYS2d 709] —Order unanimously reversed on the law with costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: The parties' separation agreement provides for the future filing of joint Federal and State income tax returns and states that the parties shall share proportionately the responsibility for "any and all income taxes due with respect to such returns". The agreement further provides that the parties shall share any refunds on those returns in the same proportion. We conclude that the phrase "any and all income taxes due with respect to such returns" is ambiguous because one cannot conclude with certainty whether, considering the language of the agreement in its entirety, that phrase means the total tax obligation of the parties for the year, or the unpaid balance of taxes owed as shown on the particular tax return. Further, because the record does not reveal whether the income tax returns for 1985 were filed before execution of the separation agreement, a factual issue exists whether the agreement applies to those returns. We remit this matter to Supreme Court for an evidentiary hearing on those issues before a different Judge.

Plaintiff failed to establish that the tax liability paragraph of the agreement, even if interpreted favorably to defendant, is unconscionable, and Supreme Court properly rejected that contention. (Appeal from Order of Supreme Court, Suffolk County, Kitson, J.—Enforce Separation Agreement.) Present— Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.